|   |   |
|---|---|
| | **O** |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD R. KINGSBERRY, JR., ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> VINCENT S. CULLEN, Warden, ) <br> ) <br> Respondent. ) | CASE NO. SA CV 11-00453 SVW (RZ) <br><br> ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION |

Richard Kingsberry has filed yet another successive habeas petition without the required Court of Appeals authorization. This Court lacks jurisdiction to entertain the petition and, as with the prior successive petitions, must dismiss it.

**I.**

**APPLICABLE LAW**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

Section 2244 of Title 28, part of the Antiterrorism and Effective Death Penalty Act, requires that the district court dismiss most successive habeas corpus petitions:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

. . .

In *Felker v. Turpin*, 518 U.S. 651, 656-57, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996), the Supreme Court noted that this statute transferred the screening function for successive petitions from the district court to the court of appeals. This provision has been held to be jurisdictional; the district court cannot entertain a successive petition without

prior approval from the Court of Appeals. *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th Cir. 2001)*; see also Pratt v. United States*, 129 F. 3d 54, 57 (1st Cir. 1997); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The district court therefore either must dismiss a successive petition for lack of jurisdiction, or it may transfer the action, in the interest of justice, to the court where the action properly could have been brought. 28 U.S.C. § 1631; *Pratt*, 129 F.3d at 57.

## II.
## DISCUSSION

The Court explained much of the relevant background in 2001, when it dismissed Petitioner's next-most-recent successive petition, as follows. (The most recent prior action was in 2007. *See generally* docket in *Kingsberry v. Sisto*, No. SA CV 07-1000 SVW (RZ). The background otherwise remains the same, as does the jurisdictional barrier to this Court's review of the case.)

> The petitioner in this case is no stranger to this Court. On December 1, 1997, he filed a petition for a writ of habeas corpus, asserting a variety of claims centering on the argument that he should have received diversion rather than incarceration in state prison. (CV 97-08795 IH (RZ).) At the time he filed that petition, his direct appeal had not ended, so the Court issued an order to show cause why the action should not be dismissed as premature. In response, the petitioner filed a Notice of Voluntary Dismissal, and the action was dismissed on January 8, 1998.
>
> The petitioner returned with a second petition filed on July 19, 1999. (CV 99-08902 SVW (RZ).) In that petition, the petitioner asserted six claims. Five of those claims raised only state law issues, and the remaining claim offered no basis for relief under the facts of the case. Accordingly, the Court denied the petition and dismissed the action, signing the Judgment on

June 7, 2000. In the meantime, the petitioner had filed a third habeas petition on September 7, 1999. (CV 99-09031 SVW (RZ).) In that petition, he raised different claims from those in his then-pending petition in CV 99-08902. Although a variety of grounds, including abuse of the writ, might have supported dismissal of that petition, the Court dismissed that petition without prejudice because the petitioner had not exhausted his claims in state court. Judgment was entered on February 15, 2000.

On March 22, 2000, the petitioner filed a fourth petition in this Court. (CV 00-02792 SVW (RZ).) Since, by that time, the Court already had adjudicated one prior petition on the merits, the Court found the fourth petition to be a successive petition for which the petitioner had not received authorization from the Ninth Circuit Court of Appeals. Judgment was entered dismissing the petition as successive on August 10, 2000.

On February 13, 2001, the petitioner initiated the present action by filing with the Court yet another Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. As in the previous four habeas petitions, the petitioner presents a series of claims attacking his conviction on August 19, 1996, in Orange County Superior Court for possession of cocaine in violation of California Health & Safety Code § 11350(a), for which he was sentenced to a term of 29 years to life under California Penal Code §§ 667(d)-(e) & 1170.12(b)-(c), California's "Three Strikes Law."

As discussed above, the Court previously has adjudicated one habeas petition on the merits – the petition in case no. CV 99-08902. Accordingly, as with the petition in case no. CV 00-02792, the petition in the present action is characterized appropriately as a second or successive petition.

///

///

As he did in 2007, Petitioner returns with another habeas challenge to his 1996 conviction. As he repeatedly has been told before, he lacks the required Court of Appeals authorization for such a successive petition. Absent such authorization, this Court lacks jurisdiction.

Accordingly, IT IS ORDERED that the Petition is dismissed.

DATED: April 28, 2011

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE